**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER MANCHIN, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>PACS GROUP, INC., JASON MURRAY, DERICK APT, MARK HANCOCK, JACQUELINE MILLARD, TAYLOR LEAVITT, CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES LLC, TRUIST SECURITIES, INC., RBC CAPITAL MARKETS, LLC, GOLDMAN SACHS & CO. LLC, STEPHENS INC., KEYBANC CAPITAL MARKETS INC., OPPENHEIMER & CO. INC., and REGIONS SECURITIES LLC,<br><br>   Defendants. | Case No.: 1:24-cv-08636-LJL<br><br>Hon. Lewis J. Liman |
| NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>PACS GROUP, INC., JASON MURRAY, DERICK APT, MICHELLE LEWIS, MARK HANCOCK, JACQUELINE MILLARD, TAYLOR LEAVITT, EVELYN DISLAVER, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES, LLC, TRUIST SECURITIES, INC., RBC CAPITAL MARKETS, LLC, GOLDMAN SACHS & CO., LLC, STEPHENS, INC., OPPENHEIMER & CO., INC., UBS SECURITIES, LLC,<br><br>   Defendants. | Case No.: 1:24-cv-08882-LJL<br><br>Hon. Lewis J. Liman |

**MEMORANDUM OF LAW IN SUPPORT OF YONGFEN MIN'S
MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS
<u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ................................................................................ 2

II.  PROCEDURAL HISTORY ............................................................................... 5

III. ARGUMENT ...................................................................................................... 5

    A.   Consolidation of the Actions Is Appropriate .......................................... 5

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ............................. 6

        1.   Movant Filed a Timely Motion. ................................................... 8

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ............... 8

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ........................ 9

            a.   Movant's Claims Are Typical. ........................................... 10

            b.   Movant Is An Adequate Representative. ........................... 10

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................... 11

IV.  CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 7, 9

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001).................................................................................................... 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 10

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)..................................................................................................... 12

*Ferrari v. Impath, Inc.,*
2004 WL 1637053 (S.D.N.Y. July 15, 2004) ......................................................................... 6

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)................................ 9

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................. 9

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ..................................................................... 12

*In re Hebron Tech. Co. Sec. Litig.,*
C.A. No. 1:20-cv-4450-PAE, 2020 WL 5548856 (S.D.N.Y. Sep. 16, 2020).......................... 8

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)........................................................................ 12

*Johnson v. Celotex Corp.,*
899 F.2d 1281 (2d Cir. 1990).................................................................................................... 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................. 10

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .......................................................................... 12

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 WL 1912724 (E.D.N.Y. July 11, 2006).............................. 6

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023)........................................................................ 12

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .......................................................... 12

*Solomon v. Peloton Interactive, Inc. et al.,*
    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................ 12

*In re Tesla Inc. Securities Litigation,*
    No. 3:18-cv-4865 (N.D. Cal.) .............................................................................. 12

*Thant v. Rain Oncology Inc. et al.,*
    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .............................................................. 12

*Thant v. Veru, Inc. et al.,*
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................................... 12

*In re U.S. Steel Securities Litigation,*
    No. 2:17-579-CB (W.D. Pa.) ................................................................................. 11

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ...................................................... 12

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
    No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) .................................. 10

*Weltz v. Lee,*
    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................ 6

**Statutes**

15 U.S.C. § 77z-1 ........................................................................................... *passim*

15 U.S.C. § 78u-4 .......................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ........................................................................................ 2, 7, 9, 10

Fed. R. Civ. P. 42(a) ....................................................................................... 5, 6

Yongfen Min ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired PACS Group, Inc. ("PACS Group" or the "Company"): (a) common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's April 11, 2024 initial public offering ("IPO" or the "Offering"); (b) securities between April 11, 2024 and November 5, 2024 inclusive (the "Class Period"); and/or (c) common stock pursuant, or traceable, or both, to the SPO Materials (as defined herein) issued in connection with PACS' September 2024 secondary public offering (the "SPO"), concerning claims under Sections 11, 12, and 15 of the Securities Act (15 U.S.C. §§ 77k, 77I, and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants PACS Group, Jason Murray ("Murray"), Michelle Lewis ("Lewis"), Derick Apt ("Apt"), Mark Hancock ("Hancock"), Jacqueline Millard ("Millard"), Taylor Leavitt ("Leavitt"), Citigroup Global Markets Inc. ("Citigroup"), J.P. Morgan Securities LLC ("J.P. Morgan"), Truist Securities, Inc. ("Truist"), RBC Capital Markets ("RBC Capital"), LLC, Goldman Sachs & Co. LLC ("Goldman Sachs"), Stephens Inc. ("Stephens"), KeyBanc Capital Markets Inc. ("KeyBanc"), Oppenheimer & Co. Inc. ("Oppenheimer"), UBS Securities, LLC ("UBS"), and Regions Securities LLC ("Regions") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.  FACTUAL BACKGROUND[1]

PACS Group, through its subsidiaries, operates senior care facilities, skilled nursing facilities, and assisted living facilities in the United States. ¶ 2.

On April 12, 2024, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. ¶ 3. In the IPO, the Company sold 21,428,572 shares of

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Manchin* Complaint") filed in the action styled *Manchin v. PACS Group, Inc., et. al.,* Case No. 1:24-cv-08636-LJL (the "*Manchin* Action"). Citations to "*New Orleans* ¶ __" are to paragraphs of the Class Action Complaint (the "*New Orleans* Complaint") filed in the action entitled *New Orleans Employees' Retirement System v. PACS Group, Inc., et al.,* Case No. 1:24-cv-08882-LJL (the "*New Orleans* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Manchin* and *New Orleans* Complaints. The facts set forth in the *Manchin* and *New Orleans* Complaints are incorporated herein by reference.

common stock at a price of $21.00 per share. *Id.* PACS Group received net proceeds of approximately $450 million from the Offering. *Id.* The proceeds from the IPO were purportedly to be used to repay amounts outstanding under the Company's credit facility and general corporate purposes to support the growth of the business. *Id.*

In the Registration Statement and throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 9. Specifically, Defendants failed to disclose to investors: (1) that the Company engaged in a "scheme" to submit false Medicare claims which "drove more than 100% of PACS' operating and net income from 2020 – 2023"; (2) that the Company engaged in a "scheme" to "bill thousands of unnecessary respiratory and sensory integration therapies to Medicare"; (3) that the Company engaged in a scheme to falsify documentation related to licensure and staffing; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

On September 3, 2024, PACS Group filed with the SEC a registration statement for a secondary offering on Form S-1 (the "SPO Registration Statement"). *New Orleans* ¶ 10. The Company filed with the SEC On September 6, 2024 a prospectus for the SPO on Form 424B4, which formed part of the SPO Registration Statement (the "SPO Prospectus" and together with the SPO Registration Statement and attendant materials filed or published with these forms, the "SPO Materials." PACS issued 2,777,778 shares of common stock at $36.25 per share for proceeds of $100.7 million to the Company. *Id.* Through the SPO, PACS insiders also sold 16,256,704 shares of common stock at $36.25 per share for proceeds of $589.3 million. *Id.*

At approximately 1:00 P.M. Eastern Standard Time on November 4, 2024, investment

research firm Hindenburg Research published a report based on a 5-month investigation that included interviews with 18 former PACS Group employees, competitors, and an analysis of more than 900 PACS facility cost reports. ¶ 4. The report alleged the Company had "abused a COVID-era waiver" in a "scheme" that involved *falsely submitting false Medicare claims which "drove more than 100% of PACS' operating and net income from 2020 – 2023*, enabling PACS to IPO in early 2024 with the illusion of legitimate growth and profitability." *Id.* The report further alleged the Company engaged in a scheme to maintain revenue by "*bill[ing] thousands of unnecessary respiratory and sensory integration therapies to Medicare* Part B regardless of clinical need or outcomes." *Id.* The report also alleged a widespread practice of falsifying documentation, including by engaging in a "scheme whereby PACS attempts to fool regulators by 'renting' licenses from third parties to 'hang' on buildings" and then "either employs unlicensed administrators or has administrators manage multiple buildings in excess of state mandated limits." *Id.* Similarly, the report alleges the Company engaged in a scheme related to licensure and staffing of nurses, whereby "PACS *secretly lists uncertified nurse aides (NAs) as certified* in the system, in an apparent scheme to cheat staffing ratios" and "*retroactively add fake RN hours*" in order "to meet minimum staffing requirements, boost star ratings, and avoid costly penalties." *Id.*

In response to this news, PACS Group's share price declined 27.78%, or $11.93 to close on November 4, 2024 at $31.01 per share, on unusually heavy trading volume. ¶ 5.

Then, before the market opened on November 6, 2024, the Company announced that it would postpone its fiscal third quarter 2024 earnings release. ¶ 6. PACS Group further disclosed it had "*received civil investigative demands from the federal government regarding the Company's reimbursement and referral practices that may or may not be related to this week's third-party report*." *Id.*

As the market reacted to this news, the Company's share price dropped 38.76%, or $11.45 to close on November 6, 2024 at $18.09 per share, on unusually heavy trading volume. ¶ 7.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Manchin* Action against the Defendants. Plaintiff Christopher Manchin ("Manchin") commenced the first-filed action on November 13, 2024. On that same day, counsel acting on Manchin's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On November 21, 2024, a substantially similar action was filed against PACS Group in this Court, the *New Orleans* Action. Movant has requested consolidation of the *Manchin* and *New Orleans* Actions.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 77z-1(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131

(S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 WL 1912724, at *1-2 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 WL 1637053, at *1 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" —

6

*i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I ) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost approximately $30,537.67 pursuant to the Exchange Act claims, and $675.75 pursuant to the Securities Act claims — as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

7

1.      **Movant Filed a Timely Motion.**

On November 13, 2024, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Manchin published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of PACS Group common stock and/or securities that they had 60 days from the publication of the November 13, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 WL 5548856, at *2 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the November 13, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in PACS Group common stock and/or securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

2.      **Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

8

Movant acquired PACS Group common stock and/or securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $30,537.67 pursuant to the Exchange Act claims, and $675.75 pursuant to the Securities Act claims. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest— and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 16, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage

9

of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning PACS Group's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired PACS Group common stock pursuant and/or traceable to the IPO and/or securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his

adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 10 years. He resides in Boyds, Maryland, and possesses a PhD in Bioscience. Movant is currently employed as a Biologist at the National Institute of Health (NIH). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf

11

of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: January 13, 2025

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Yongfen Min and
[Proposed] Lead Counsel for the Class*

13