## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MANCHIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PACS GROUP, INC., JASON MURRAY, DERICK APT, MARK HANCOCK, JACQUELINE MILLARD, TAYLOR LEAVITT, CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES LLC, TRUIST SECURITIES, INC., RBC CAPITAL MARKETS, LLC, GOLDMAN SACHS & CO. LLC, STEPHENS INC., KEYBANC CAPITAL MARKETS INC., OPPENHEIMER & CO. INC., and REGIONS SECURITIES LLC,<br><br>Defendants. | Case No. 1:24-cv-08636-LJL |
| NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PACS GROUP, INC., JASON MURRAY, DERICK APT, MICHELLE LEWIS, MARK HANCOCK, JACQUELINE MILLARD, TAYLOR LEAVITT, EVELYN DISLAVER, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES, LLC, TRUIST SECURITIES, INC., RBC CAPITAL MARKETS, LLC, GOLDMAN SACHS & CO., LLC, STEPHENS, INC., OPPENHEIMER & CO., INC., UBS SECURITIES, LLC,<br><br>Defendants. | Case No. 1:24-cv-08882-LJL |

## CHRISTOPHER MANCHIN'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Plaintiff and Lead Plaintiff Movant Christopher Manchin ("Manchin") submits this memorandum of law in partial opposition to the two other competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 23, 26). Having reviewed the motion of 1199SEIU Health Care Employees Pension Fund (the "Fund") (Dkt. No. 26), Manchin submits that he should be appointed as co-lead plaintiff alongside the Fund because Manchin is the only remaining movant that has standing to allege claims related to PACS' $450 million[1] initial public offering ("IPO"). Moreover, Manchin's counsel should be approved as co-lead counsel because they are well-qualified and have experience successfully working along the Fund's counsel in other actions.

## I.    INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The motions were filed by Manchin (Dkt. No. 20);  the Fund (Dkt. No. 26); and Yongfen Min ("Min") (Dkt. No. 23). However, Min subsequently filed a notice informing the Court that he "does not oppose the competing motions for appointment as lead plaintiff," effectively abandoning his motion. *See* Dkt. No. 33.

The PSLRA directs the Court to appoint as lead plaintiffs the person or "group of persons" who are most adequate to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff(s) are the person or group that has the "largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

---

[1] *See* PACS Group, Inc. Announces Closing of Its Initial Public Offering and Full Exercise of the Underwriters' Option to Purchase Additional Shares from the Selling Stockholders, available at https://www.businesswire.com/news/home/20240415651211/en/ (last visited January 27, 2025).

(hereinafter "Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Here, Manchin and the Fund both should be appointed as co-lead plaintiffs because only together do they have standing to pursue all claims in this action. Specifically, only Manchin, but not the Fund, has standing to pursue the Securities Act claims for shares purchased pursuant and/or traceable to the IPO.

## II. MANCHIN SHOULD BE APPOINTED AS CO-LEAD PLAINTIFF

Courts routinely appoint co-lead plaintiffs when necessary to ensure lead plaintiffs have standing to assert the class's claims. *See Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) ("The addition of Steamfitters as co-lead plaintiff better serves the overall interests of the purported class because Steamfitters, unlike the Investor Group, allegedly acquired AT&T shares as a result of AT&T's misleading registration statement and is therefore able to assert claims under the Securities Act."); *In re Block, Inc. Sec. Litig.*, 2024 WL 639470, at *10 (S.D.N.Y. Feb. 15, 2024) (holding "to ensure that the Securities Act claims in the consolidated action are adequately pursued, the Court appoints Official Intelligence as lead plaintiff for the class' Securities Act claims," reasoning that "the PSLRA expressly contemplates more than one plaintiff and recognizes that differently situated plaintiffs with differing aims are still seeking the same result—the greatest recovery for the class") (cleaned up); *Wang v. Athira Pharma, Inc.*, 2021 WL 4726458, at *3 (W.D. Wash. Oct. 5, 2021) ("district courts have recognized circumstances in which appointment of co-lead plaintiffs is appropriate," collecting cases).

Here, the class asserts three fundamental claims: (1) Exchange Act claims on behalf of persons that purchased shares between April 11, 2024 and November 5, 2024; (2) Securities Act

claims on behalf of persons that purchased shares pursuant and/or traceable to the April 2024 IPO;

and (3) Securities Act claims on behalf of persons that purchased shares pursuant and/or traceable

to the September 2024 secondary public offering ("SPO"). Manchin is the only remaining movant

that purchased shares traceable to the IPO, and the only remaining movant with standing to assert

the Securities Act claims in connection with the IPO. As such, he should be appointed as co-lead

plaintiff to assert the IPO claims.

> **A.    Only Manchin, and Not the Fund, Has Standing to Allege the IPO Claims in This Action**

The Fund lacks standing to allege the IPO claims because it purchased all its shares in or

after the September 6, 2024 SPO. *See* Dkt. No. 28-1 at 4 (the Fund's certification, listing

transactions). The shares purchased in the SPO were not purchased pursuant or traceable to the

IPO. Moreover, shares the Fund purchased on the open market after the SPO were purchased from

a pool of public shares that include both IPO and SPO shares. As such, the Fund will not be able

to demonstrate that its shares are traceable to the IPO. *See In re Initial Pub. Offering Sec. Litig.*,

227 F.R.D. 65, 118 (S.D.N.Y. 2004) ("The modern practice of electronic delivery and clearing of

securities trades, in which all deposited shares of the same issue are held together in fungible bulk,

makes it virtually impossible to trace shares to a registration statement once additional unregistered

shares have entered the market."), *reversed on other grounds*, 471 F.3d 24 (2d Cir. 2006).[2]

Consequently, the Fund does not have standing to pursue the IPO claims. *See In re Global

Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003) (dismissing Section 11 claim

---

[2] *Cf. Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *8 (S.D.N.Y. June 12, 2020) (declining to appoint a co-lead plaintiff that failed to provide "evidence that other movants' securities are not traceable to Luckin's public [IPO] statements").

for lack of standing; "a named plaintiff must have purchased shares traceable to the challenged offering").

In contrast to the Fund, Manchin purchased all his shares on April 11, 2024, the day of the IPO, and first day of the class period. *See* Dkt. No. 1 at 49 (Manchin's certification, listing transactions). Manchin will not have difficulty demonstrating that his shares are traceable to the IPO. As such, Manchin has standing to pursue the IPO claims. Moreover, Manchin and the Fund together have standing to pursue all the claims in this action, and together are the "most adequate" group to be appointed as co-lead plaintiffs.

### B.    Appointing Manchin as Co-Lead Plaintiff Will Ensure the IPO Class Claims Are Adequately Represented

If Manchin is not appointed as co-lead plaintiff, there is a substantial risk that, due to the Fund's lack of standing concerning the IPO claims, the action will be derailed at later stages of the litigation. For example, if the non-IPO claims are later dismissed, "a new lead plaintiff and lead counsel would essentially start from scratch and the proceedings would be significantly delayed." *Athira*, 2021 WL 4726458, at *3. In fact, in *Athira*, the Exchange Act claims *were* later dismissed, and the action was saved only because the Court had the foresight to appoint a Securities Act co-lead plaintiff. *See Nacif v. Athira Pharma, Inc.*, 2022 WL 3028579, at *19 (W.D. Wash. July 29, 2022) (dismissing the Exchange Act claims, but preserving some Securities Act claims). Dismissal of the non-IPO claims would greatly harm the class because PACS' IPO was valued at nearly half a billion dollars (*see* footnote 1, *supra*), and the Fund does not have standing to pursue the IPO claims. If Manchin is not appointed as co-lead plaintiff, and the non-IPO claims are later dismissed, it will significantly hinder the class's ability to pursue a recovery.

Moreover, even if the non-IPO claims are not dismissed, appointing the Fund as sole lead plaintiff creates a substantial risk that the IPO claims will be shortchanged, and casts doubt on any

settlement the Fund negotiates. Lead plaintiffs are responsible for negotiating any settlement, and are responsible for negotiating the apportionment of any funds recovered between IPO claimants, SPO claimants, and general class period purchasers. However, the Fund has no financial interest in the IPO claims, and is therefore incentivized to favor the SPO claims at the expense of the IPO claims. If IPO claimants have no representative in the settlement negotiations, there can be no assurance that their claims are adequately represented and that they are receiving their fair share. As such, Manchin should be appointed co-lead to ensure adequate representation of IPO claimants. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Allowing for diverse representation . . . ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants.").

### C.    Manchin Is Adequate To Represent the Class and the IPO Claimants

In addition to being the only remaining movant with standing to assert the IPO claims (and thus the only remaining movant with a financial interest in those claims), Manchin is adequate to represent the class. Manchin is a sophisticated individual. He is a licensed corporate attorney, and adjunct professor at the Drexel University Thomas R. Kline School of Law, with approximately 10 years of investing experience. *See* Dkt. No. 21 at 10. He also filed the first complaint in this action, demonstrating his active involvement. Manchin will adequately represent the interests of the class, including IPO claimants as he has done so far, and should be appointed as co-lead plaintiff.

**III.    MANCHIN'S SELECTION OF COUNSEL SHOULD BE APPROVED AS CO-LEAD COUNSEL**

Manchin's choice of counsel has decades of experience successfully representing investors in similar actions. *See* Dkt. No. 22-3 (GPM firm resume). Moreover, GPM has the exact experience relevant here, and has worked as co-counsel with the Fund's counsel, Labaton Keller Sucharow LLP ("LKS"), in numerous actions. For example, GPM worked with LKS in *Athira* where GPM represented Securities Act claimants and LKS represented Exchange Act claimants, resulting in a $10 million settlement for Athira shareholders. *See Athira*, 2021 WL 4726458, at *4 ("Labaton Sucharow LLP and Glancy Prongay & Murray LLP are approved as lead counsel."). As such, Manchin submits that GPM is adequate to represent the class, and IPO claimants in particular, alongside LKS as co-lead counsel in this action.

**IV.    CONCLUSION**

For the foregoing reasons, Manchin respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Manchin as co-lead plaintiff; and (3) approving Manchin's selection of Glancy Prongay & Murray LLP as co-lead counsel for the class.

Respectfully submitted,

DATED: January 27, 2025        **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100

6

Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Christopher Manchin, and Proposed
Co-Lead Counsel for the Class*

7

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Christopher Manchin certifies that this brief contains 1,775 words, which complies with the word limit of L.R. 7.1(c).


*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 27, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh