**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER MANCHIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>      v.<br><br>PACS GROUP, INC., JASON MURRAY, DERICK APT, MARK HANCOCK, JACQUELINE MILLARD, TAYLOR LEAVITT, CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES LLC, TRUIST SECURITIES, INC., RBC CAPITAL MARKETS, LLC, GOLDMAN SACHS & CO. LLC, STEPHENS INC., KEYBANC CAPITAL MARKETS INC., OPPENHEIMER & CO. INC., and REGIONS SECURITIES LLC,<br><br>                    Defendants. | Case No. 1:24-cv-08636-LJL |

**CHRISTOPHER MANCHIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>LEAD COUNSEL</u>**

Plaintiff and Lead Plaintiff Movant Manchin[1] submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 20, the "Motion"), and in reply to the opposition filed by the Fund (Dkt. No. 35, "Fund Opp."). Manchin should be appointed as co-lead plaintiff and his selection of GPM should be approved as co-lead counsel because Manchin and the Fund are collectively the most adequate plaintiffs to represent the class, including IPO claimants, and their respective selections of counsel have successfully worked together in the past in similar circumstances.

## I.    MANCHIN SHOULD BE APPOINTED AS CO-LEAD PLAINTIFF AND HIS SELECTION OF COUNSEL SHOULD BE APPROVED AS CO-LEAD COUNSEL

The Fund's counsel specifically excluded the IPO claims from the complaint they filed in this action—deprioritizing the IPO claims. *See New Orleans Employees' Retirement System v. PACS Group, Inc.*, No. 1:24-cv-08882-LJL, Dkt. No. 1 (complaint filed by the Fund's counsel, LKS, alleging SPO claims, but not IPO claims). Manchin is the only remaining movant with standing to allege the IPO claims. He should be appointed as co-lead plaintiff to ensure the IPO claims are adequately advanced.

The Fund opposes Manchin's appointment as co-lead plaintiff and drops a footnote in its opposition memorandum pointing out that the Court has discretion to deny Manchin's request for appointment as co-lead plaintiff (Fund Opp. at 5 n.5). However, the Fund does not contest (and therefore effectively concedes) the legal and practical considerations supporting Manchin's appointment as co-lead plaintiff. Specifically, (1) the Fund lacks standing to allege the IPO claims, (2) Manchin has standing to allege the IPO claims, (3) a plaintiff with standing must be included to allege the IPO claims on behalf of the class, (4) the Court has discretion to appoint Manchin as

---

[1] Capitalized terms herein shall have the same meaning as in Manchin's opposition memorandum (Dkt. No. 34).

co-lead plaintiff, and (5) in this instance, Manchin and the Fund are, collectively, the "group of persons" most adequate to represent the class.

As such, Manchin should be appointed as co-lead plaintiff and his selection of GPM should be approved as co-lead counsel.

### A. Only Manchin Has Standing to Allege the IPO Claims and an IPO Claimant Must Be Included as Plaintiff to Advance the Class's IPO Claims

The Fund effectively concedes that it does not have standing to allege the IPO claims because it purchased all its shares in or after the SPO. *See* Fund Opp. at 5 n.5 (the Fund argues that it need not have "standing to sue on every available cause of action") (quoting *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004)).The Fund also does not contest that Manchin has standing to allege the IPO claims.

The Fund also  effectively concedes that a plaintiff with standing to allege the IPO claims *must* be added to allege those claims. *See Citigroup*, 366 F.3d 70, 82 (permitting, at class certification, the addition of named plaintiffs with standing to pursue claims for which the lead plaintiff does not have standing) (cited in Fund Opp. at 5 n.5); *see also Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (appointing a co-lead plaintiff to assert claims the other co-lead plaintiff could not). The Fund implies that it will add some unidentified additional plaintiff at a later date.

### B. The Fund Should Not Be Granted the Authority to Select the IPO Claimant Plaintiff

For multiple reasons, the Fund should not be granted the authority to select the plaintiff representative of the IPO claims by adding an additional plaintiff at a later date. First, the Fund does not identify any plaintiff (other than Manchin) with standing to allege the IPO claims. Second, there can be no assurance that an additional plaintiff hand-picked by the Fund or the Fund's counsel will adequately advance the interests of IPO claimants when in conflict with the Fund's SPO

2

claims—for example, with respect to the distribution of damages or a plan of allocation in any settlement. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("diverse representation . . . ensures that the interests of all class members will be adequately represented"). Third, if the non-IPO claims are dismissed, this action will be left without a lead plaintiff. *See Wang v. Athira Pharma, Inc.*, No. 21-cv-861, 2021 WL 4726458, at *3 (W.D. Wash. Oct. 5, 2021) ("[A] new lead plaintiff and lead counsel would essentially start from scratch and the proceedings would be significantly delayed."). Fourth, the very fact that the Fund is resisting the co-appointment of the original plaintiff in this action with standing to allege IPO claims indicates the Fund wants to exclude a representative with the capacity to equally advance the IPO claims. In fact, the second complaint filed by the Fund's counsel in this action specifically excludes the IPO claims—further demonstrating that the Fund and its counsel do not intend to advance the IPO and SPO claims equally. For these reasons, the Fund should not be permitted to hand-pick the representative of the IPO claims by adding an additional plaintiff at a later date.

### C.    The Court Has the Discretion to Appoint Co-Lead Plaintiffs to Ensure the IPO Claims Are Adequately Represented, and it Is in the Best Interest of the Class to Do So Here

While the Fund argues that appointment of co-lead plaintiffs is "disfavored" in general, the Fund effectively concedes, as it must, that the Court has the discretion to appoint co-lead plaintiffs when the proposed co-lead plaintiffs are collectively the "members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. 77z-1(a)(3)(B)(i); *see also AT&T*, 2019 WL 7759222, at *2 ("The addition of Steamfitters as co-lead plaintiff better serves the overall interests of the purported class . . . ."); *In re Block, Inc. Sec. Litig.*, 2024 WL 639470, at *10 (S.D.N.Y. Feb. 15, 2024) (appointing a co-lead plaintiff "to ensure that the Securities Act claims in the consolidated action are adequately

3

pursued") (cleaned up); *Athira*, 2021 WL 4726458 at \*3 ("district courts have recognized circumstances in which appointment of co-lead plaintiffs is appropriate," collecting cases).

Moreover, the Fund does not substantively contest that it and Manchin are collectively the "most capable of adequately representing the interests of class members" since they together have standing to allege all claims. Additionally, the Fund does not, and cannot, contest that Manchin is a sophisticated investor and that the Fund's and Manchin's counsel have successfully worked together as co-lead counsel in very similar circumstances—representing co-lead plaintiffs with standing to allege different claims. *See Athira*, 2021 WL 4726458, at \*4 ("Labaton Sucharow LLP and Glancy Prongay & Murray LLP are approved as lead counsel.").

## II.    CONCLUSION

For these reasons Manchin and the Fund should be appointed as co-lead plaintiffs, and their selections of counsel should be approved as co-lead counsel.

Respectfully submitted,

DATED: February 3, 2025          **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Christopher Manchin, and Proposed Co-Lead Counsel for the Class*

4

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Christopher Manchin certifies that this brief contains 1,162 words, which complies with the word limit of L.R. 7.1(c).

/s/ Gregory B. Linkh
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 3, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 3, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh